# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

WILLIAM TACKETT,  
    Petitioner,

vs.

WARDEN, CHILLICOTHE  
CORRECTIONAL INSTITUTION,  
    Respondent.

Case No. 1:11-cv-450

Beckwith, J.  
Bowman, M.J.

**REPORT AND RECOMMENDATION**

Petitioner, an inmate in state custody at the Chillicothe Correctional Institution in Chillicothe, Ohio, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). This matter is before the Court on respondent's motion to dismiss filed November 7, 2011, and petitioner's "traverse" in response to the motion to dismiss. (Docs. 5, 6).

## I. PROCEDURAL HISTORY

### State Trial Proceeding

In January 2006, the Scioto County, Ohio, grand jury returned an indictment charging petitioner with sixty-six counts of pandering sexually oriented matter involving a minor in violation of Ohio Rev. Code § 2907.322(A)(6). (Doc. 5, Exs. 1, 15-2). The matter proceeded to trial before a jury, which found petitioner guilty as charged. (Doc. 5, Ex. 3).

In an entry filed August 29, 2006, the trial court found petitioner to be a "sexually oriented offender" and sentenced him to terms of imprisonment totaling twenty-five (25) years. (*See* Doc. 5, Exs. 4, 15-2). A "Nunc Pro Tunc Judgment Entry" was filed on September 11, 2006. (*See* Doc. 5, Exs. 5, 15-2). Respondent states in the memorandum in support of the

motion to dismiss that "it is not clear what error the second judgment entry was intended to correct." (Doc. 5, Brief, p. 2).

### Direct Appeal - Ohio Court of Appeals

Petitioner perfected a timely appeal to the Ohio Court of Appeals, Fourth Appellate District. (Doc. 5, Ex. 6). With the assistance of new counsel for appeal purposes, petitioner filed an appellate brief raising the following assignments of error:

> 1. Mr. Tackett was denied his rights under the United States and Ohio Constitutions to the effective assistance of counsel when his trial attorney failed to move [to] dismiss the indictment on the basis that prosecution of the charges was in violation of the First Amendment.
>
> 2. Mr. Tackett was denied his rights under the United States and Ohio Constitutions to a fair trial when the prosecuting attorney made improper and prejudicial remarks during closing argument.
>
> 3. Mr. Tackett was denied his Sixth Amendment right to the effective assistance of counsel when the State failed [to] provide sufficient evidence on two counts of the indictment, the convictions on these counts were against the manifest weight of the evidence, and defense counsel neglected to move for an acquittal pursuant to Criminal Rule 29 at the close of the State's case.

(Doc. 5, Ex. 7).

On December 5, 2007, the Ohio Court of Appeals issued a Decision and Judgment Entry overruling the assignments of error and affirming the trial court's judgment. (Doc. 5, Exs. 5, 9).

### Motion For Delayed Appeal - Ohio Supreme Court

Petitioner did not pursue a timely appeal to the Ohio Supreme Court. On December 17, 2009, over two years after the Ohio Court of Appeals issued its decision on direct appeal, petitioner filed a notice of appeal and motion for leave to file a delayed appeal with the Ohio Supreme Court. (Doc. 5, Exs. 10, 11). On February 10, 2010, the Ohio Supreme Court denied petitioner's motion for delayed appeal and dismissed the case without opinion. (Doc. 5, Ex. 12).

Thereafter, petitioner appealed to the United States Supreme Court by way of a petition for a writ of certiorari, which was denied on October 4, 2010. (*See* Doc. 5, Exs. 13, 14).

**Federal Habeas Corpus**

The instant petition for habeas corpus relief was filed by the Clerk of Court on July 5, 2011. However, for statute of limitations purposes, the filing date of a federal habeas corpus petition submitted by a *pro se* prisoner is the date on which the prisoner provides his papers to prison authorities for mailing to the Court. *See Houston v. Lack,* 487 U.S. 266 (1988); *see also Miller v. Collins,* 305 F.3d 491, 497-98 (6th Cir. 2002); *Goins v. Saunders,* 206 F. App'x 497, 499 n.1 (6th Cir. 2006). Petitioner states in the petition that he placed the petition "in the prison mailing system" for delivery to the Court on June 29, 2011. (Doc. 1, p. 20). Therefore, the Court will presume that the petition was "filed" for statute of limitations purposes on June 29, 2011.

In the petition, petitioner alleges the following as grounds for relief:

**GROUND ONE:**

1. The warden . . . is holding me in custody under <u>void commitment papers in violation of the United States Constitution</u>, because my judg[]ment and conviction and sentence were not entered by the clerk and signed by the judge until June 16, 2010, almost four years later. This means that when judg[]ment is not entered, an appeals court <u>cannot</u> properly review my case and would be a violation of our appeals rights which would be another violation of my Federal Constitution[al] rights. Once we have been convicted by a jury and sentenced with judg[]ment <u>entered</u> on record, signed by a judge and filed with the clerk of courts, we all have an appeal of right guarant[eed] by the United States Constitution. I am asking this Federal District Court to grant this habeas corpus and discharge me from this illegal imprisonment under these <u>void commitment papers</u>, which from judg[]ment and conviction and sentence from the court of common pleas in Scioto County Ohio, Complaint number 06-CR-020, from which the warden is holding me <u>in violation of the United States Constitution</u>. [sic] The failure to consider this federal claim will result in a fundamental miscarriage of justice because <u>I am innocent of all these charges against me</u>.

2. The indictment number, 06-CR-020, in this case is really the complaint number, 06-CR-020. I tried many times to get a copy of my complaint, but the trial clerk would never send me a copy when I was there in jail, out on bail, or here in C.C.I. prison. If the court would have sent me a copy of my complaint, like required by state and Federal law, I would have filed a motion in arrest of judg[]ment, that a defective indictment cannot be aided by a verdict by jury, and that an indictment bad on demurrer must be held insufficient upon a motion in arrest of judg[]ment. . . .

A fundamental miscarri[a]ge of justice occurs only in the extraordinary case where a constitutional violation has resulted in the conviction of one William Tackett, who is actually innocent of all these charges, in my complaint number 06-CR-020. The failure to consider the Federal claims will result in a fundamental miscarri[a]ge of justice. . . .

## QUESTION(S) PRESENTED

1. In the State of Ohio are the ex post facto sentencing laws unconstitutional?

2. Is it a substantial right for a criminal defendant going to Federal or State jury trial to have indictment returned only by the Grand Jury for prosecution under the United States and/or Bill of Rights when in Federal or State custody?

3. Your U.S. Supreme Court granted certiorari on *Cunningham v. California*[,] 549 U.S. 270[.] Only the "jury" and not the judge can give you more time over the statute of F-2, 2 to 8 years. On my indictment 06-CR-020 only shows one F-2 in which the statute is 2-to-8 years "only" and not 25 years. . . . My case is exactly the same as *Cunningham v. California* . . . and *App[r]endi v. New Jersey* (2000) 530 U.S. 466. . . .

**GROUND TWO:**

Void Judg[]ment and a complete nullity in Case Nos. 06CR000020 and 06-CR-020 and Appeal No. 06CA3103.

. . . .Applying the mandates of Criminal Rule 32(C) and 32(B) to the Judg[]ment Entry Nunc Pro Tunc of August 21, 2006 Case No. 06-CR-020 original, without the verdict the entry fails to comply with Criminal Rule 32(C) and therefore is not a final order. Ohio Rule of Criminal Procedure 32(C) specifically states, a judg[]ment of conviction shall set forth 5 elements which 4 are mandatory.

1. The plea
2. Verdict or Findings
    Verdict is mandatory

4

> 3. The Sentence - mandatory
> 4. The signature of the Judge - mandatory
> 5. The time stamp of the clerk to indicate Journalization mandatory
>
> A Judg[]ment is effective only when time stamped by the clerk.
>
> The court of appeals [is] without subject matter jurisdiction absent a final appealable order [and] failed to comply with Criminal Rule 32 with indictment and trial No. 06-CR-020 not time stamped filed in the Court of Appeals Judg[]ment Entry. . . .
>
> . . . .The complete record here is absent of Case No. 06CR000020 setting for trial. Only "06-CR-020" was set for jury trial. The jury came back with verdicts in a different Case No. 06CR000020 and the court filed this illegal Case No. 06CR000020 which makes the judg[]ment void and a nullity . . ., time stamped, filed by the clerk on August 23, 2006. . . . And also illega[]l Case No. 06CR000020 shows that the jury found William Tackett guilty 66 times under the "exact" same counts 1 through 66. All 66 counts read exactl[]y the same with no felon[ie]s added like felony 1 or 2 or 3 or 4 or 5.
>
> Criminal Rule 32(C) which requires that the verdict itself be recorded in the court's Journal by the clerk under the original case and trial No. 06-CR-020 and that without the Journalization of this original Case No. 06-CR-20 including verdict there is no Judg[]ment of Conviction pursuant to Rule 32(C), and therefore, no final appealable order. . . .
>
> This court must find that the August 23, 2006 case no., time stamped by the clerk Case No. 06CR000020 and Nunc Pro Tunc Judg[]ment Entry time stamped by the clerk Case No. 06-CR-020 on August 21, 2006 with Court of Appeals Fourth Appellate District . . . Decision and Judg[]ment Entry Appeal and Case No. 06CA3103 failed to comply with Rule 32(C) and as a result, the defendant William Tackett has not been convicted and sentenced in accordance with the law of this state. . . .
>
> Due process of law requires that the defendant be discharged from imprisonment because he has never had a Jury Verdict Form in the 06-CR-020 case. A defendant in a criminal case has a right to be discharged unless found guilty by verdict with Jury Verdict Forms filed in Case No. 06-CR-020 with time stamped by clerk as required by law. Also, I William Tackett am not guilty of these illegal charges and I never had a proper Appeal of Right. Yet the Judg[]ment and conviction imposed as a matter of law is null and void. . ., in Cases No. 06CR000020 and indictment and original Case No. 06-CR-020 and trial no. . . .

(Doc. 1, pp. 4-6, 8-12).

Respondent has filed a motion to dismiss the petition. (Doc. 5). Respondent contends that the petition is subject to dismissal with prejudice because it is barred from review by the applicable one-year statute of limitations governing federal habeas petitions set forth in 28 U.S.C. § 2244(d). (Doc. 5, Brief, pp. 7-11). Petitioner has filed a responsive pleading requesting that the motion to dismiss be stricken for failure to comply with this Court's order of June 12, 2011, wherein respondent was directed to file a return of writ with exhibits responding to the allegations of petitioner's habeas corpus petition. (Doc. 6; *see also* Doc. 2). In a separate order issued this date, the undersigned has denied petitioner's request to strike the motion to dismiss.

## II. RESPONDENT'S MOTION TO DISMISS (DOC. 5) SHOULD BE GRANTED BECAUSE THE PETITION IS TIME-BARRED

Under 28 U.S.C. § 2244(d)(1), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, a person in custody pursuant to the judgment of a state court must file an application for a writ of habeas corpus within one year from the latest of:

>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled during the

pendency of a properly filed application for state post-conviction relief or other collateral review.

In this case, there is no evidence in the record to suggest the limitations provisions set forth in § 2244(d)(1)(B) and § 2244(d)(1)(C) apply to the case-at-hand. Petitioner has not asserted a constitutional right that has been newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review, nor has he alleged facts indicating that he was prevented from filing a timely habeas petition by any state-created impediment to filing. It further appears that § 2244(d)(1)(D) does not apply to petitioner's claims. Petitioner alleges in Ground One that the final judgment entry was "not entered by the clerk and signed by the judge until June 16, 2010."[1] (Doc. 1, p. 4). However, he also avers that his claims for relief were not presented on direct appeal because although he "raised the issue[s]" with his appellate counsel, his attorney "refused to file [them] in [his] appellate brief." (Doc. 1, pp. 7, 8 (subsection (c))). Because it thus appears that petitioner was well aware of the facts underlying his claims before his conviction became final by the conclusion of direct review, the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A) governs his grounds for relief.

Under § 2244(d)(1)(A), petitioner's conviction became "final" on January 21, 2008, when the 45-day period expired for filing a timely appeal to the Ohio Supreme Court from the

---

[1] It is noted that, in any event, the state trial court's docket record belies petitioner's contention regarding the date of filing of the final judgment entry. The record reflects that the last matter entered on the trial-court record occurred on December 19, 2007, the date the "file & original pleadings and 3 volumes of transcripts" were returned to the trial court from the Ohio Court of Appeals after the judgment of conviction and sentence were affirmed on direct appeal. (*See* Doc. 5, Ex. 15-2). The record also reflects that the original sentencing entry was filed by the clerk on August 29, 2006, and that the final "Nunc Pro Tunc Judgment Entry" containing the jury's verdict and petitioner's sentence was entered on the record on September 11, 2006. (*Id.*).

Ohio Court of Appeals' December 5, 2007 direct appeal decision.[2]  *See* Ohio S.Ct. Prac. R. 2.2(A)(1)(a). Petitioner's unsuccessful motion filed December 17, 2009 for leave to file a delayed appeal to the Ohio Supreme Court did not restart the running of the statute under § 2244(d)(1)(A), but rather could only serve under 28 U.S.C. § 2244(d)(2) to toll any unexpired limitations period. *See, e.g., Searcy v. Carter*, 246 F.3d 515, 518-19 (6th Cir. 2001); *Stevenson v. Howes,* 407 F. App'x 881, 884 (6th Cir. 2011); *Cleveland v. Bradshaw,* 760 F. Supp.2d 751, 768 (N.D. Ohio 2011).[3]  Therefore, the statute of limitations commenced running on January 22, 2008, one day after the 45-day appeal period ended. *See* Fed. R. Civ. P. 6(a); *Bronaugh v. Ohio,* 235 F.3d 280, 285 (6th Cir. 2000). The statute of limitations expired one year later on January 22, 2009, absent application of statutory or equitable tolling principles.

During the one-year limitations period, petitioner was entitled to statutory tolling under 28 U.S.C. § 2244(d)(2) based on any pending "properly filed" applications for state post-conviction relief or other collateral review. *See* 28 U.S.C. § 2244(d)(2); *see also Holland v. Florida,* __ U.S. __, 130 S.Ct. 2549, 2554 (2010); *Allen v. Siebert,* 552 U.S. 3, 4 (2007) (per curiam); *Vroman v. Brigano,* 346 F.3d 598, 602 (6th Cir. 2003). "The tolling provision does not, however, 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause

---

[2]The appeal period actually ended on Saturday January 19, 2008. The Court assumes in petitioner's favor that the expiration date fell on the next business day, which was Monday January 21, 2008.

[3]*Cf. Little v. Warden, Warren Corr. Inst.*, No. 1:10cv468, 2011 WL 2358565, at *4 n.2 (S.D. Ohio May 16, 2011) (Litkovitz, M.J.) (Report & Recommendation) (noting that although the Supreme Court held in *Jimenez v. Quarterman*, 555 U.S. 113, 120-21 (2009), that the *granting* of a delayed appeal motion restores the pendency of the direct appeal, thereby rendering the conviction non-final under § 2244(d)(1)(A), a delayed appeal motion that is *denied* does not restart the limitations period), *adopted,* 2011 WL 2293316 (S.D. Ohio June 9, 2011) (Bertelsman, J.). *See generally Gonzalez v. Thaler*, __ U.S. __, 132 S.Ct. 641, 653-54 (2012) (distinguishing *Jimenez*, where the Court adopted "the out-of-time appeal's date of finality over the initial appeal's date of finality," in holding that the petitioner's state conviction became final under § 2244(d)(1)(A)"when his time for seeking review with the State's highest court expired").

a clock that has not yet fully run." *Vroman,* 346 F.3d at 602 (quoting *Rashid v. Khulmann,* 991 F. Supp. 254, 259 (S.D.N.Y. 1998)). Once the limitations period is expired, state collateral review proceedings can no longer serve to avoid the statute of limitations bar. *Id.* Here, after exhausting the remedy of a direct appeal to the Ohio Court of Appeals, petitioner took no further action in the state courts to challenge his conviction or sentence until he filed his motion for delayed appeal to the Ohio Supreme Court in December 2009, eleven months after the statute of limitations had run its course. Therefore, statutory tolling is unavailable to extend the limitations period in this case.

The AEDPA's statute of limitations is subject to equitable tolling, *see Holland*, 130 S.Ct. at 2560, "when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond the litigant's control." *Hall v. Warden, Lebanon Corr. Inst.,* 662 F.3d 745, 749 (6th Cir. 2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)). Equitable tolling is granted "sparingly." *Id.* (quoting *Robertson*, 624 F.3d at 784). A habeas petitioner is entitled to equitable tolling only if he establishes that (1) "he has been pursuing his rights diligently;" and (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Id.* (quoting *Holland*, 130 S.Ct. at 2562 (internal quotations omitted)); *see also Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005). Although the Sixth Circuit previously utilized a five-factor approach in determining whether a habeas petitioner is entitled to equitable tolling, *Holland*'s two-part test has replaced the five-factor inquiry as the "governing framework" to apply. *Hall*, 662 F.3d at 750 (citing *Robinson v. Easterling,* 424 F. App'x 439, 442 n.1 (6th Cir.), *cert. denied,* 132 S.Ct. 456 (2011)). "With *Holland* now on the books, the 'extraordinary circumstances' test, which requires both reasonable diligence and an extraordinary circumstance,

9

has become the law of this circuit." *Id.*; *see also Patterson v. Lafler,* 455 F. App'x 606, 609 n.1 (6th Cir. 2012).

Petitioner has not demonstrated that he is entitled to equitable tolling in this case. First, and most importantly, petitioner has not shown that he has been diligent in pursuing his rights. Petitioner has not provided any explanation for his over two-year delay in seeking a delayed appeal with the Ohio Supreme Court after the Ohio Court of Appeals affirmed his conviction and sentence on direct appeal. Moreover, petitioner delayed filing the instant habeas action until well over a year after the Ohio Supreme Court denied his delayed appeal motion in February 2010 and nearly nine months after the United States Supreme Court denied his petition for certiorari in October 2010. Petitioner's lengthy delay in filing the instant action in and of itself conclusively demonstrates that petitioner has not acted with the degree of diligence necessary to trigger equitable tolling concerns.

Second, petitioner has not shown that he was prevented by some extraordinary circumstance from seeking relief in a more timely manner. Petitioner's *pro se* status and lack of legal expertise does not constitute an "extraordinary circumstance" that would justify excusing the statute-of-limitations bar to review. *Cf. Hall*, 662 F.3d at 751-52; *see also Johnson v. United States,* 544 U.S. 295, 311 (2005) (in a case where the defendant defended his delay in challenging a state conviction on the basis of his *pro se* status and lack of "sophistication" in understanding legal procedures, the Court stated: "[W]e have never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness.").

Petitioner has suggested that the statute of limitations does not pose a bar to review of his

10

claims challenging the validity of the judgment of conviction and sentence on jurisdictional grounds, because such claims may be raised at any time. (*See* Doc. 1, p. 9). As noted above, *see supra* p. 7 n.1, petitioner's jurisdictional claims are suspect, as it appears clear from the record that the indictment returned against petitioner was not constitutionally defective and that the indictment, jury verdict and the trial court's final judgment entry of conviction and sentence were all properly entered on the record. In any event, habeas petitioners cannot evade the AEDPA's statute of limitations "by the simple expedient of arguing that [the challenged] conviction is void." *Saunders v. Clarke,* No. 3:11cv170, 2012 WL 1580427, at *1 (E.D. Va. May 4, 2012) (and cases cited therein); *Preston v. Thaler,* Civ. Act. No. H-10-1647, 2010 WL 3339225, at *3 (S.D. Tex. Aug. 23, 2010) (and cases cited therein); *see also Golson v. Brunsman,* No. 3:08cv012, 2008 WL 1733154, at *2 (S.D. Ohio Apr. 14, 2008) (Rice, J.; Merz, M.J.) (in rejecting the petitioner's argument that his claim of jurisdictional defects was not barred from review by the AEDPA's statute of limitations, the court stated: "While it is true that a conviction entered by a court without jurisdiction is void, that does not imply that the statute of limitations enacted by Congress for habeas corpus actions does not apply to claims of lack of subject matter jurisdiction."); *Peoples v. Jackson,* No. 1:05cv573, 2007 WL 852229, at *4, *13 (S.D. Ohio Mar. 19, 2007) (Barrett, J.; Hogan, M.J.) (holding that the statute of limitations applied to bar review of the petitioner's claim of a "structural defect" that voided the judgment of conviction); *United States ex rel. Wahl v. Sims,* No. 08 CV 1383, 2009 WL 307965, at *2 (N.D. Ill. Feb. 5, 2009) (holding that the federal habeas petition was time-barred and not subject to equitable tolling "regardless of [the petitioner's] assertion that his indictment was void"). Therefore, the statute of limitations applies to petitioner's claims.

Finally, petitioner has suggested that the procedural time-bar should be excused because he is actually innocent of the criminal charges. A credible claim of actual innocence can provide a basis for equitable tolling of the limitations period. *See Souter v. Jones,* 395 F.3d 577, 602 (6th Cir. 2005). The procedural bar to review may be excused if the "habeas petitioner can demonstrate that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt." *Id.*; *see also Schlup McSwain v. Davis,* 287 F. App'x 450, 458 (6th Cir. 2008) (citing *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). The standard is "demanding and permits review only in the 'extraordinary' case." *House v. Bell,* 547 U.S. 518, 538 (2006) (quoting *Schlup,* 513 U.S. at 327). Petitioner has neither alleged nor cited any evidence to support his conclusory allegation that he is actually innocent. He, therefore, has not established a credible claim of actual innocence that would entitle him to equitable tolling of the limitations period in this case.

Accordingly, in sum, the undersigned concludes that the instant petition, which petitioner states was placed in the prison mailing system on June 29, 2011 (*see* Doc. 1, p. 20), is time-barred. Under the applicable statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A), the statute commenced running when petitioner's conviction became final in January 2008 and expired one year later in January 2009. Neither the statutory tolling provision set forth in 28 U.S.C. § 2244(d)(2) nor equitable tolling principles apply to extend the limitations period in this case. Therefore, respondent's motion to dismiss (Doc. 5) should be **GRANTED**, and the instant habeas corpus petition (Doc. 1), filed nearly two and one-half years after the statute of limitations had run its course, should be **DISMISSED** with prejudice.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Respondent's motion to dismiss (Doc. 5) be **GRANTED**, and that petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DISMISSED** with prejudice on the ground that it is time-barred under 28 U.S.C. § 2244(d).

2. A certificate of appealability should not issue for any of the claims alleged in the petition, which this Court has concluded is barred from review on a procedural ground, because under the first prong of the applicable two-part standard enunciated in Slack v. *McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether the Court is correct in its procedural ruling.[4]

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore DENY petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

        s/Stephanie K. Bowman
        Stephanie K. Bowman
        United States Magistrate Judge

---

[4]Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in any of his time-barred grounds for relief. *See Slack,* 529 U.S. at 484. However, it is noted that petitioner's claims, which were never raised to the Ohio courts and thus face the additional procedural hurdle of procedural default, do not appear to trigger constitutional concerns.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

WILLIAM TACKETT,
    Petitioner,

vs

WARDEN, CHILLICOTHE CORRECTIONAL
INSTITUTION,
    Respondent.

Case No. 1:11-cv-450

Dlott, J.
Bowman, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), WITHIN 14 DAYS after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections WITHIN 14 DAYS after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

cbc