```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                         WESTERN DIVISION
```

William Tackett,               )
                               )
            Petitioner,        ) Case No. 1:11-CV-450
                               )
    vs.                        )
                               )
Warden, Chillicothe            )
Correctional Institution,      )
                               )
            Respondent.        )

O R D E R

This matter is before the Court on Petitioner William Tackett's petition for a writ of habeas corpus (Doc. No. 1), Respondent's motion to dismiss the petition (Doc. No. 5), Magistrate Judge Bowman's Report and Recommendation recommending that the motion to dismiss be granted (Doc. No. 8) and Petitioner's objections to the Report and Recommendation (Doc. No. 10).  For the reasons that follow, Petitioner's objections to the Report and Recommendation are not well-taken and are **OVERRULED**; the Court **ADOPTS** the Report and Recommendation; Respondent's motion to dismiss is well-taken and is **GRANTED.**  Petitioner's petition for a writ of habeas corpus is **DISMISSED WITH PREJUDICE.**

Magistrate Judge Bowman provided a comprehensive statement of the factual and procedural history of this case in her Report and Recommendation.  A summary, therefore, is

1

sufficient to resolve Petitioner's objections to the Report and Recommendation.

In August 2006, a jury convicted Petitioner on 66 counts of pandering sexually oriented matter involving a minor in violation of Ohio Rev. Code § 2907.322(A)(6).  The trial judge sentenced Petitioner to a total term of 25 years of imprisonment.  Petitioner filed a timely direct appeal to the Ohio Court of Appeals which raised three assignments of error.  In December 2007, the Ohio Court of Appeals overruled Petitioner's assignments of error and affirmed his convictions and sentence.  Petitioner did not attempt to appeal the Court of Appeals' judgment to the Supreme Court of Ohio for over two years until, in December 2009, he filed a motion for leave to file a delayed appeal with the Supreme Court of Ohio.  The Supreme Court of Ohio denied Petitioner's motion to file a delayed appeal in February 2010.  Petitioner then filed a petition for a writ of certiorari with the United States Supreme Court, which the Court denied in October 2010.  For purposes of calculating the statute of limitations, Magistrate Judge Bowman determined that Petitioner's habeas petition is deemed filed as of June 29, 2011.

Petitioner's petition raised two grounds for relief, the particulars of which are unimportant inasmuch as Respondent argued, and Magistrate Judge Bowman found, that his claims are barred by the applicable one-year statute of limitations set

forth in the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d)(1).  In that regard, Judge Bowman found that Petitioner's convictions became final for purposes of the AEDPA on January 21, 2008, 45 days after the time period in which Petitioner could have appealed the Court of Appeals' judgment denying his direct appeal to the Supreme Court of Ohio. Therefore, according to Judge Bowman, the AEDPA statute of limitations expired one year later, on January 22, 2009.  Judge Bowman also found that Petitioner had not demonstrated any basis for tolling the statute of limitations on either statutory or equitable grounds.  Therefore, Judge Bowman concluded that review of Petitioner's habeas petition, which, as stated, was filed in June 2011, is barred by the statute of limitations.

Petitioner's objections to Judge Bowman's Report and Recommendation do not take issue with any of her analysis of the facts or procedural history of his case, nor with her analysis and application of the AEDPA statute of limitations.  Rather, Petitioner contends only that his claims are not time-barred because the Court may review them pursuant to the 25th Section of the Judiciary Act of 1789.  There are a number of problems with Petitioner's objections.

First, Petitioner has failed to demonstrate, or even argue, that Judge Bowman made any error of fact or law in her Report and Recommendation.  Petitioner, therefore, arguably has

3

failed to preserve any issues for this Court to review.  See Fed. R. Civ. P. 72(b)(3)("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").

Second, the provisions of the AEDPA supplant the original Judiciary Act of 1789 insofar as the habeas relief available to state prisoners.  See Murberry v. Crosby, 351 F.3d 1049, 1055-1058 (11th Cir. 2003) (discussing the history of the Judiciary Act of 1789 and subsequent amendments to statutes governing habeas corpus relief in federal courts, including the AEDPA).  Consequently, the AEDPA and its statute of limitations, and not the Judiciary Act of 1789, apply to Petitioner's habeas petition in this case.

Third, even if the original Judiciary Act of 1789 applies here, it did not grant federal courts authority to grant habeas relief to state prisoners; under the original Act, federal courts could only grant habeas relief to federal prisoners.  Id. at 1055.  It was not until the Judiciary Act was amended in 1867 that federal courts were authorized to give habeas relief to prisoners in state custody.  Id.

Fourth, the 25th Section of the Judiciary Act of 1789 would not apply in any case because, although it provided for federal review of state court judgments alleged to be in violation of the Constitution or laws of the United States, the 14th Section of the Act specifically provided for habeas corpus

4

jurisdiction.  Since a statute should be construed to give effect to each of its provisions and render none superfluous, Corley v. United States, 556 U.S. 303, 314 (2009), Section 25 could not be construed as conferring habeas jurisdiction without nullifying Section 14.

Fifth, even if the 25th Section of the Judiciary Act of 1789 otherwise made available habeas corpus relief, this section by its terms only applies to review judgments of the highest court of a state.  Staub v. City of Baxley, 355 U.S. 313, 327-28 (1958) (Frankfurter, J., dissenting).  In this case, however, Petitioner failed to perfect a timely appeal of his convictions and sentence to the Supreme Court of Ohio.  Consequently, there is no judgment from the highest court in Ohio available to be reviewed pursuant to the 25th Section of the Act.

In summary, Magistrate Judge Bowman properly determined that Petitioner's habeas petition is barred by the one year AEDPA statute of limitations.

## Conclusion

For the foregoing reasons, Petitioner's objections to Magistrate Judge Bowman's Report and Recommendation are not well-taken and are **OVERRULED.**  The Court **ADOPTS** the Report and Recommendation.  Respondent's motion to dismiss is well-taken and is **GRANTED.**  Petitioner's application for a writ of habeas corpus is **DISMISSED WITH PREJUDICE.**

A certificate of appealability will not issue with respect to this order because under the first prong of the applicable two-part standard established in Slack v. McDaniel, 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether this Court is correct in its procedural rulings. Petitioner remains free to request issuance of the certificate of appealability from the Court of Appeals. See 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b).

With respect to any application by Petitioner to proceed on appeal in forma pauperis, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this order would not be taken in good faith. Therefore, Petitioner is **DENIED** leave to appeal in forma pauperis. See Fed. R. App. P. 24(a); Kincade v. Sparkman, 117 F.3d 949, 952 (6th Cir. 1997).

**IT IS SO ORDERED**

Dated: July 24, 2012            s/Sandra S. Beckwith
                                Sandra S. Beckwith
                                Senior United States District Judge